[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter concerns the unusual posture of one of two personal injury cases that was referred to the mandatory arbitration program under Conn. Gen. Stat. § 52-549u.
The parties in this personal injury case were scheduled for a mandatory arbitration hearing, pursuant to Conn. Gen. Stat. § 52-549u and Conn. P.B. § 23-60 et seq. In order to expedite the resolution of the matter, the parties created a side agreement that there be a confidential high-low figure and agreed to allow the decision of the arbitrator to be binding, rather than to reserve the right to claim a jury trial de novo, see, e.g., § 23-66.[1]
The arbitrator rendered the decision in this case on April 6, 2001, in an amount that happened to fall within the confidential high-low boundaries established by the parties. The arbitrator, as is the practice in such matters, specifically indicated that he had not heard nor given any consideration to collateral source issues. Neither side took any action at that time. With no side claiming a trial de novo, the court entered judgment on April 27, 2001, for the arbitrator's figure of $15,000.
The defendant's insurer evidently refused to pay the judgment, claiming that it was entitled to a set-off for collateral sources, pursuant to Conn. Gen. Stat. § 52-225a. The plaintiff then filed a Motion to Confirm Arbitration Award, even though judgment had already entered.
The defendant filed an Objection to Plaintiff's Application to Confirm CT Page 11185 Arbitration Award, even though judgment had already entered.
The court notes that both parties concede that they received notice that judgment had entered, but both ignored that fact in favor of utilizing the novel approach of treating this matter as though it were a private arbitration.
The mandatory arbitration program for personal injury cases under $50,000 is designed to expedite these matters short of a full jury trial. These parties, admirably, went further and agreed to treat the arbitrator's award as binding, waiving their right to any jury trial. Aside from that waiver and the agreement to a high/low amount, no other rights were waived. This arbitration remained in all other respects a mandatory arbitration governed by the applicable statutes and practice book rules. It is as though a trial before a jury or the court had taken place, with a verdict of $15,000.
The question then is how to treat the current demand of the defendant for a reduction for collateral source payments. The statute authorizing a reduction on account of collateral sources provides for the following procedure:
 Upon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment. [emphasis supplied.]
Conn. Gen. Stat. § 52-225a(b).
The defendant here received notice of the award of damages by the trier of fact and took no action to request a collateral source hearing prior to the court entering judgment on the arbitrator's award. Nonetheless the court is aware that both sides were confused about the proper procedure to follow when one side desires a collateral source hearing after a mandatory arbitration, particularly an arbitration in which the parties have agreed to waive their rights to a trial de novo.
When both parties appeared before this court to argue the Motion and Objection regarding confirmation of the arbitration, this court asked if there was any objection to the court vacating the judgment in order to place the case is a less confusing posture. Both sides stated that there was no objection to vacating the judgment. Therefore the court enters the following orders: CT Page 11186
1) The Motion to Confirm the Arbitration is denied, as inapplicable to this situation.
2) The Objection is overruled, as moot, for the same reason.
3) The court vacates the judgment entered on April 27, 2001, in order to allow the defendant to apply for a collateral source hearing. If the defendant fails to file a timely request for a collateral source hearing, the court will re-enter judgment in accordance with the arbitrator's award.
Patty Jenkins Pittman, Judge